UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES LOMBARDI, and<br>JOSHUA DAVIS<br><br>v.<br><br>GINA RAIMONDO, in her official capacity as Governor of the State of Rhode Island. | **CHALLENGE TO CONSTITUTIONALITY OF STATE STATUTE**<br><br>Case No. 1:19-cv-00364-WES-PAS |

FIRST AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

Introduction

The Plaintiffs, James Lombardi and Joshua Davis, are prisoners serving a life sentence with or without the possibility of parole in the custody of the Rhode Island Adult Correctional Institutions. They file the within Complaint seeking a declaration that R.I. Gen. Laws § 13-6-1 et seq., hereinafter the "Civil Death Act," is unconstitutional as its application denies persons, including Plaintiffs, the ability to seek a legal remedy for all common law causes of action they might otherwise have, to include those for torts such as assault, battery, and negligence. Amongst other things, the Civil Death Act also denies Plaintiffs the ability to marry, own any property in their own name and the ability to contract with others, and even to pursue claims under Rhode Island's Access to Public Records Act. The statute declares each prisoner "imprisoned in the adult correctional institutions for life" to be "civilly dead," purporting to deny each of these plaintiffs all of their civil rights, including the most basic rights to file lawsuits for any purpose and be heard in a court of law even when the Plaintiffs assert claims under the United States Constitution and 42 U.S.C. § 1983.

The Civil Death Act violates the First, Fifth, Seventh, Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983 as to all inmates including

1

Plaintiffs who have been sentenced to life in prison and are incarcerated at the Adult Correctional Institutions. It is for these reasons that statutes similar to R.I.G.L § 13-6-1 have been repealed or declared unconstitutional in most, if not all, other jurisdictions where their constitutionality has been directly addressed. In 1976, a three-judge court for the Western District of Missouri noted that the once prevalent punishment had by then been reduced to approximately thirteen states. While striking the Missouri Civil Death Statute down on First Amendment and due process grounds, the court stated: "The court cannot fail to note that the concept of civil death has been condemned by virtually every court and commentator to study it over the last thirty years. … [It] has been characterized in recent years as 'archaic,' 'outmoded and medieval,' 'an outdated and inscrutable common law precept,' and 'a medieval fiction in a modern world.'" Thompson v. Bond, 421 F.Supp. 878 (W.D.Mo. 1976) Upon information and belief, Rhode Island is the only state in the United States continuing to impose this cruel and archaic form of punishment.

Parties

1. Plaintiff James Lombardi is a citizen of the United States and the State of Rhode Island. He is serving a sentence of life imprisonment at the Adult Correctional Institutions ("ACI"), the adult prison operated by the executive branch of the State of Rhode Island through the Department of Corrections.

2. Plaintiff Joshua Davis is a citizen of the United States and the State of Rhode Island. He is serving a sentence of life imprisonment at the ACI.

3. Defendant Gina Raimondo is the Governor for the State of Rhode Island. The Governor is charged by Article IX § 2 of the Rhode Island Constitution to take care that the laws of the State of Rhode Island be faithfully executed. The Governor is sued in her

2

official capacity. With respect to the matters complained of herein, the Governor has acted under color of state law within the meaning of 42 U.S.C. § 1983.

## Jurisdiction

4. Jurisdiction of this Honorable Court is proper under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred within the judicial district of Rhode Island.

## Factual Background

6. Plaintiff Lombardi is incarcerated at the ACI and has been sentenced to life in prison with the possibility of parole.

7. Plaintiff Davis is incarcerated at the ACI and has been sentenced to life in prison without the possibility of parole.

8. Defendant Governor has a duty to faithfully execute the Constitution and laws of the State of Rhode Island and of the United States and accordingly to prevent the enforcement of laws which are unconstitutional and abridge the rights of prisoners who are incarcerated at the ACI.

9. On or about September 10, 2018, Plaintiff Lombardi was in his cell located in the Maximum Security facility of the ACI when his leg hit the sharp edge of a footlocker provided to the Plaintiff Lombardi for his use by the State of Rhode Island through its Department of Corrections (hereinafter "RIDOC"). As a result, the Plaintiff suffered a cut to his lower left leg, causing pain and resulting in permanent disfigurement, i.e. a ¾-inch scar.

10. Prior to the date on which Plaintiff Lombardi suffered this injury, the RIDOC knew, or reasonably should have known, that foot-lockers of the type the RIDOC placed in Plaintiff Lombardi's cell were very hazardous to the occupant of the confined area of the cell in that the footlocker has very sharp edges which could easily cut an inmate who came into contact with it.

11. The RIDOC made a deliberate decision not to provide Plaintiff Lombardi with a non-hazardous footlocker despite knowledge of the fact that the locker placed Plaintiff Lombardi in unreasonable and continuous danger of injury from contact with the foot-locker's sharp edges that, due to his mandatory incarceration in the cell, he was unable to avoid.

12. In fact, at all times relevant hereto, the RIDOC was aware of the hazardous nature of the footlocker provided to inmates, including Plaintiff Lombardi, in the Maximum Security facility and was deliberately indifferent to the harm it presented to Plaintiff Lombardi.

13. The RIDOC provided plastic, smooth-edged footlockers to inmates at both its Intake Service Center and Male Medium Security facilities and decided to provide said plastic footlockers to inmates, including Plaintiff Lombardi, at its Maximum Security facility only if the inmate had additional funds and individually purchased the plastic footlocker through commissary services.

14. Plaintiff Lombardi was injured by said footlocker due to the negligence of the RIDOC in that, despite knowledge of the hazard the footlocker presented to Plaintiff Lombardi, RIDOC did not seek to mitigate the hazard and provide to Plaintiff a footlocker that had smooth edges, nor did the RIDOC warn Plaintiff Lombardi of the sharp edges or take other steps to remedy the defect.

15.     Plaintiff Davis has a medical condition that requires insulin that must be administered by injection.

16.     Plaintiff Davis receives insulin by injection from RIDOC nursing staff employees.

17.     RIDOC nursing staff use a common vial of insulin to treat other inmates who receive insulin besides Plaintiff Davis.

18.     On or about September 6, 2018, an RIDOC nurse knowingly or recklessly used contaminated insulin to inject the Plaintiff.

19.     As a result, the RIDOC nurse exposed Plaintiff Davis to blood borne pathogens to include potentially life-threatening viruses such as HIV and Hepatitis.

20.     This action toward Plaintiff Davis constitutes medical malpractice, in that the action is below the standard of care for a nurse, and unacceptable in any context.

21.     This action by RIDOC against Plaintiff Davis also constitutes a battery as Plaintiff Davis did not consent to administration of insulin contaminated with potential blood borne pathogens.

22.     This action by RIDOC against Plaintiff Davis further constitutes cruel and unusual punishment to Davis in that a RIDOC employee took actions toward Plaintiff with intent, and/or with willful and deliberate indifference to Plaintiff Davis's right to adequate medical care, and his rights to not be deliberately exposed to potentially deadly blood borne pathogens, and is therefore, a violation of his Eighth Amendment right to be free from cruel and unusual punishments.

23.     As a result of RIDOC's aforementioned actions, Plaintiff Lombardi has suffered damages to include pain and suffering, scarring and physical injury.

24. As a result of RIDOC's aforementioned actions, Plaintiff Davis has suffered physical injury, severe emotional distress, a battery on his person, and been exposed to potentially hazardous blood from other prisoners.

25. The Civil Death Act treats Plaintiffs as dead and therefore incapable of sustaining injury or acquiring a cause of action for negligence or otherwise. See <u>Gallop v. Adult Correctional Institutions</u>, 182 A.3d 1137 (R.I. 2018).

26. An inchoate personal injury claim is considered a "chose in action" and a type of intangible personal property. See 73 C.J.S. Property § 22 (1983) ("Modern decisions suggest that the term "property" refers generally "to rights of action arising out of tort as well as contract, whether such right of action is for injury to the person or to property.")

27. The Civil Death Act denies Plaintiffs access to the courts of the State of Rhode Island to pursue claims based in negligence against the State, through the RIDOC, and/or agents or servants of the State, for the injuries that they have sustained.

28. But for the Civil Death Act,

a. Plaintiff Davis would assert his claims in Rhode Island Superior Court against the State of Rhode Island and Christopher Whitcomb, R.N., who injected him with the contaminated insulin for the aforementioned negligent conduct and under 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights either in a companion action or by joining a pending civil action arising out of the same set of circumstances. Other inmates similarly situated to Plaintiff Davis in all respects except that they are not imprisoned at the ACI for life, have brought a suit against the State of Rhode Island and the nurse administering the contaminated insulin entitled Brownell v. State of Rhode Island, PC 2020-00161, a copy of which complaint is attached hereto and incorporated herein as Exhibit 1.

6

b. Plaintiff Lombardi would bring suit against the State, through the RIDOC, in state court for the aforementioned negligent conduct.

29. The Civil Death Act denies persons incarcerated for life terms at the ACI, including Plaintiffs, basic civil, statutory and common law rights affecting these negligence and federally recognized claims including:

    a. The right to file suit and be heard in Court;

    b. The right to petition the government or access statutory rights accorded to all other citizens;

    c. The right to own property in the inmate's sole name;

    d. The right to enter into contracts for legal representation or other purposes;

    e. The right to any gains they might receive from the prosecution of a personal injury claim;

    f. The right to be free of negligent or intentional conduct causing injury, that may or may not rise to the level of cruel and unusual punishment protected by the Eighth Amendment to the United States Constitution, by RIDOC staff and administrators, including the right to adequate medical care which is non-negligent in nature and not deliberately or willfully aimed at injuring Plaintiffs.

    g. The right to protection of other constitutional rights for which 42 U.S.C. § 1983 provides a remedy.

30. Plaintiffs stand in real jeopardy, based on the provisions of R.I.G.L. § 13-6-1, of RIDOC and other entities violating the above enumerated rights and others.

31. The Civil Death Act poses real threats to Plaintiffs who would otherwise seek to have a jury trial on their claims against RIDOC to prosecute these above-mentioned claims, and would otherwise be allowed to benefit from any monetary gains Plaintiffs might receive from the prosecution of their actions, in addition to court costs and any potential attorney's fees.

32. Plaintiffs have no adequate remedy at law .

## COUNT I.

33. Plaintiffs incorporate by reference paragraphs 1-32 as if fully set forth herein.

34. Rhode Island, through the Civil Death Act, denies individuals sentenced to a life term and imprisoned at the ACI, including Plaintiffs, all civil rights while preserving the civil rights of all other persons incarcerated by sentence of the State of Rhode Island, including (a) those serving similar or longer terms of imprisonment at the ACI, such as terms of 99 years; and (b) those sentenced by Rhode Island to a term of life imprisonment but who are serving the Rhode Island sentence at a prison other than the ACI.

35. The Civil Death Act denies Plaintiffs rights protected by the Due Process and Equal Protection Clauses of Fourteenth Amendments to the US Constitution and 42 U.S.C. § 1983.

36. The Civil Death Act, in treating Plaintiffs as if they were dead and denying them basic civil, statutory, and common law rights and access to the courts, imposes an excessive and outmoded punishment contrary to evolving standards of decency and thereby denies Plaintiffs of rights protected by the Eighth Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment to the US Constitution and 42 U.S.C. § 1983.

8

37. The Civil Death Act, in treating Plaintiffs as if they were dead and denying them basic civil, statutory, and common law rights, right to petition the government, and access to the courts, denies Plaintiff rights protected by the First, Fifth, and Seventh Amendments to the United States Constitution as applied to the states by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, the Plaintiffs request that the Court provide the following relief:

A. Enter an order declaring that the Civil Death Act is unconstitutional as applied to bar an inmate serving a life sentence from proceeding in a civil action and to deny said inmates basic civil, statutory and common law rights as a violation of the First, Fifth, Seventh, and Eighth Amendments to the United States Constitution and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

B. Issue a corresponding permanent injunction preventing enforcement of the Civil Death Act.

C. Award Plaintiffs their costs, including a reasonable attorney's fees under 42 U.S.C. § 1983.

D. Award such further relief as this Court deems fair and just.

    Plaintiffs James Lombardi, and Joshua Davis
    By their attorneys,

    /s/ Sonja L. Deyoe
    Sonja L. Deyoe #6301
    395 Smith Street
    Providence, RI 02908
    (401) 864-5877
    (401) 354-7464

/s/ Lynette Labinger
Lynette Labinger, #1645
128 Dorrance Street, Box 710
Providence, RI 02903
401-465-9565
LL@labingerlaw.com

Cooperating counsel,
American Civil Liberties Union
Foundation of Rhode Island

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading by counsel of record for all parties on this 13th day of March, 2020.

/s/ Lynette Labinger

10

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

Case 1:19-cv-00364-WES-PAS   Document 16-1   Filed 03/19/20   Page 11 of 20 PageID #: 236

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | : | SUPERIOR COURT |
| PROVIDENCE, SC. | : | |
| | : | |
| BRIAN BROWNELL, DANIEL | : | |
| CAMPOS, DAVID DUFOUR, MORRIS | : | |
| KING, PHILLIP MANNERS, SAHEED | : | |
| STANFIELD, AND WILLIAM WOLFE, | : | |
| *Plaintiffs*, | : | |
| | : | |
| VS. | : | C.A. NO.: PC 2020- |
| | : | |
| STATE OF RHODE ISLAND, | : | |
| CHRISTOPHER WHITCOMB, RN, | : | |
| AND JOHN DOE, | : | |
| *Defendants.* | : | |

## COMPLAINT AND JURY DEMAND

1.      This is an action for medical malpractice and negligent infliction of emotional distress brought by seven men currently or formerly imprisoned at the Adult Correctional Institutions ("ACI"). Each of the plaintiffs has diabetes and treats with insulin. As prisoners, plaintiffs were wholly dependent on the ACI medical staff to provide them with safe and adequate medical treatment. However, in September 2018, the ACI medical staff breached that responsibility. Defendant Christopher Whitcomb, RN, a nurse entrusted with Plaintiffs' care and employed by the State of Rhode Island, negligently contaminated two vials of insulin with one or more dirty needles used by one or more other prisoners. Consequently, Nurse Whitcomb caused the contaminated insulin to be injected into Plaintiffs' bodies. As a result of the contamination, Plaintiffs learned they may have been exposed to blood-borne diseases, including HIV and syphilis. Each plaintiff suffered severe emotional distress and mental anguish upon learning that he had been injected with insulin contaminated by dirty needles used by other prisoners. As Plaintiff Morris King told a mental health counselor shortly after learning what happened, "I

EXHIBIT 1

1

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

Case 1:19-cv-00354-WES-PAS Document 16-1 Filed 03/19/20 Page 12 of 20 PageID #: 247

have been stabbed and shot and never have felt this afraid." Plaintiffs continue to experience severe emotional distress and anguish.

## PARTIES AND JURISDICTION

2. Plaintiff Brian Brownell is a resident of the State of Rhode Island. He is currently imprisoned at the ACI in Cranston, Rhode Island.

3. Plaintiff Daniel Campos is a resident of the State of Rhode Island. He is currently imprisoned at the ACI in Cranston, Rhode Island.

4. Plaintiff David Dufour is a resident of Pawtucket, Rhode Island.

5. Plaintiff Morris King is a resident of the Providence, Rhode Island.

6. Plaintiff Phillip Manners is a resident of the State of Rhode Island. He is currently imprisoned at the ACI in Cranston, Rhode Island.

7. Plaintiff Saheed Stanfield is a resident of the State of Rhode Island.

8. Plaintiff William Wolfe is a resident of Cranston, Rhode Island.

9. Defendant State of Rhode Island operates the Rhode Island Department of Corrections ("DOC"), established pursuant to R.I. Gen. Laws § 42-56-2. At all times relevant to this Complaint, the DOC operated the ACI, a prison located at 40 Howard Avenue, Cranston, Providence County, Rhode Island.

10. Upon information and belief, Defendant Christopher Whitcomb, R.N., is a resident of the State of Rhode Island. Upon information and belief, at the time of the negligent conduct complained of in this Complaint, Nurse Whitcomb was (a) a registered nurse in the State of Rhode Island and (b) employed as a corrections nurse by the Rhode Island Department of Corrections. At all times pertinent to this Complaint, Nurse Whitcomb was an employee or agent

2

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

Case 1:19-cv-00364-WES-PAS  Document 16-1  Filed 03/19/20  Page 13 of 20 PageID #: 248

of the State of Rhode Island and acted within the course and scope of that relationship. He is sued in his individual capacity.

11. In the alternative, every act and/or omission attributed to Nurse Whitcomb in this Complaint was performed by Nurse John Doe. The true name of the defendant sued as Nurse Doe is unknown to Plaintiff. Plaintiff therefore sues said defendant under a fictitious name. Plaintiff will seek leave to amend this Complaint to show the defendant's true name when ascertained. At all times relevant to the allegations in the Complaint, Nurse Doe was employed as a corrections nurse by the State of Rhode Island. He is sued in his individual capacity.

12. The amount in controversy is sufficient to establish the jurisdiction of this Court.

## FACTUAL BACKGROUND

13. On or about September 7, 2018, Plaintiffs were imprisoned at the Anthony P. Travisono Intake Service Center at the ACI.

14. Plaintiffs are insulin-dependent diabetics.

15. As prisoners, Plaintiffs were wholly dependent upon the ACI medical staff, employed by the State of Rhode Island, to provide them with safe and adequate treatment for their diabetes.

16. Typically, the plaintiffs would test their blood sugar by drawing blood with a lancet needle. A nurse then would use a separate insulin needle to extract insulin from a multi-dose vial and inject it into the plaintiff's body.

17. On or about September 7, 2018, Nurse Whitcomb did not use a lancet to draw blood from one or more diabetic prisoners. Instead, he used an insulin needle. After using the insulin needle to draw blood, Nurse Whitcomb used the same needle to draw insulin from a

3

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

multi-dose vial. In so doing, Nurse Whitcomb contaminated at least two multi-dose vials of insulin with one or more dirty, used needles.

18. Each Plaintiff was injected with insulin from one or more of the contaminated vials.

19. Thereafter, Plaintiffs underwent post-exposure prophylaxis (PEP) treatment due to possible exposure to HIV or AIDS.

20. Some of the plaintiffs experienced physical side effects from the PEP regimen. For example, contemporaneous medical records show that Mr. Brownell suffered from nausea and vomiting. Mr. Brownell's nausea was so severe he vomited some of his PEP medications. Additional plaintiffs experienced nausea, vomiting, cramps, stomach pains, and diarrhea.

21. On or around September 20, 2018, the plaintiffs learned that they may have been exposed to syphilis.

22. Plaintiffs suffered severe emotional distress and mental anguish upon learning that they had been exposed to bloodborne pathogens as a result of the ACI medical staff having injected them with contaminated by dirty needles used by other prisoners.

23. Plaintiffs felt devastated and frightened. They feared for their physical health. They felt helpless because they relied on the ACI medical staff for their past and continued medical care. Fellow prisoners mocked or ostracized some of the plaintiffs and said they had AIDS.

24. Mr. King told a mental health counselor days after he learned what had happened: "I have been stabbed and shot and never have felt this afraid."

4

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

25. Contemporaneous medical records document symptoms of anxiety, depression, and/or stress experienced by each of the seven plaintiffs in the aftermath of the news that they had been exposed to insulin contaminated with other prisoners' dirty needles.

26. Each of the seven plaintiffs experienced physical symptoms associated with their emotional distress. For instance, contemporaneous medical records demonstrate that Mr. Brownell, Mr. Dufour, Mr. Manners, and Mr. Stanfield had difficulty sleeping as a result of learning of their exposure. Similarly, records indicate that Mr. Brownell and Mr. Wolfe suffered from a decrease in their physical energy.

27. Plaintiffs continue to experience severe emotional distress and mental anguish.

28. In light of the above-described conduct, Nurse Whitcomb voluntarily surrendered his license to practice as a registered nurse in the State of Rhode Island on or about December 10, 2018. He has since become eligible to reinstate his nursing license.

## COUNT I

### NEGLIGENCE (Defendants Whitcomb and State of Rhode Island)

29. On or about September 7, 2018, Defendant Christopher Whitcomb, R.N., undertook for valuable consideration to provide medical care and treatment to Plaintiffs.

30. It then and there became Nurse Whitcomb's duty to exercise the degree of care and skill that was expected by a reasonably competent registered nurse, acting in the same or similar circumstances.

31. Nevertheless, Nurse Whitcomb failed to exercise the requisite degree of care and skill in his provision of medical care and treatment to Plaintiffs, thereby causing them to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

5

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

32. As a direct and proximate result of Nurse Whitcomb's negligence, Plaintiffs have suffered and will in the future suffer great pain of body, nerves and nervous system, will expend in the future become liable to pay large sums of money for medical, hospital and other health care expenses, and Plaintiffs were and are otherwise injured.

33. At all times relevant to his provision of health care and treatment to Plaintiffs, Nurse Whitcomb was an employee, servant, or agent of Defendant State of Rhode Island and was acting within the scope of that employment.

WHEREFORE, Plaintiffs Brian Brownell, Daniel Campos, David Dufour, Morris King, Phillip Manners, Saheed Stanfield, and William Wolfe demand judgment against Defendants Christopher Whitcomb, R.N., and the State of Rhode Island for compensatory damages, plus interest and costs.

## COUNT II

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Defendants Whitcomb and State of Rhode Island)

34. The preceding paragraphs are incorporated by reference as if set forth fully herein.

35. Defendant Christopher Whitcomb, R.N. negligently caused Plaintiffs severe emotional distress and mental anguish without justification and otherwise caused Plaintiffs harm by negligently contaminating two vials of insulin with dirty needles used by one or more prisoners and causing the contaminated insulin to be injected into Plaintiffs' bodies.

36. Nurse Whitcomb's conduct was outrageous, egregious, and lacked a legitimate purpose.

37. There is a causal connection between Nurse Whitcomb's actions and/or omissions

6

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

Case 1:19-cv-00354-WES-PAS Document 16-1 Filed 03/19/20 Page 17 of 20 PageID #: 232

and the severe emotional distress suffered by Plaintiffs.

38. As a direct and proximate result of the actions and/or omissions of Nurse Whitcomb, Plaintiffs suffered emotional distress and mental anguish.

39. As a direct and proximate result of the actions and/or omissions of Nurse Whitcomb, Plaintiffs have suffered and will in the future suffer great pain of body, nerves and nervous system, will expend in the future become liable to pay large sums of money for medical, hospital and other health care expenses, and Plaintiffs were and are otherwise injured.

40. At all times relevant to his provision of health care and treatment to Plaintiffs, Nurse Whitcomb was an employee, servant or agent of Defendant State of Rhode Island and was acting within the scope of that employment.

WHEREFORE, Plaintiffs Brian Brownell, Daniel Campos, David Dufour, Morris King, Phillip Manners, Saheed Stanfield, and William Wolfe demand judgment against Defendants Christopher Whitcomb, R.N., and the State of Rhode Island for compensatory damages, plus interest and costs.

## COUNT III

### NEGLIGENCE (Defendants Doe and State of Rhode Island)

41. On or about September 7, 2018, Defendant John Doe undertook for valuable consideration to provide medical care and treatment to Plaintiffs.

42. It then and there became Nurse Doe's duty to exercise the degree of care and skill that was expected by a reasonably competent registered nurse, acting in the same or similar circumstances.

7

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

Case 1:19-cv-00564-WES-PAS Document 167 Filed 03/19/20 Page 18 of 20 PageID #: 2533

43. Nevertheless, Nurse Doe failed to exercise the requisite degree of care and skill in his provision of medical care and treatment to Plaintiffs, thereby causing them to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

44. As a direct and proximate result of Nurse Doe's negligence, Plaintiffs have suffered and will in the future suffer great pain of body, nerves and nervous system, will expend in the future become liable to pay large sums of money for medical, hospital and other health care expenses, and Plaintiffs were and are otherwise injured.

45. At all times relevant to his provision of health care and treatment to Plaintiffs, Nurse Doe was an employee, servant, or agent of Defendant State of Rhode Island and was acting within the scope of that employment.

WHEREFORE, Plaintiffs Brian Brownell, Daniel Campos, David Dufour, Morris King, Phillip Manners, Saheed Stanfield, and William Wolfe demand judgment against Defendants John Doe, and the State of Rhode Island for compensatory damages, plus interest and costs.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Defendants Doe and State of Rhode Island)

46. The preceding paragraphs are incorporated by reference as if set forth fully herein.

47. Defendant John Doe negligently caused Plaintiffs severe emotional distress and mental anguish without justification and otherwise caused Plaintiffs harm by negligently contaminating two vials of insulin with dirty needles used by one or more prisoners and causing the contaminated insulin to be injected into Plaintiffs' bodies.

48. Nurse Doe's conduct was outrageous, egregious, and lacked a legitimate purpose.

8

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

Case 1:19-cv-00364-WES-PAS  Document 16-1  Filed 03/19/20  Page 19 of 20 PageID #: 234

49. There is a causal connection between Nurse Doe's actions and/or omissions and the severe emotional distress suffered by Plaintiffs.

50. As a direct and proximate result of the actions and/or omissions of Nurse Whitcomb, Plaintiffs suffered emotional distress and mental anguish.

51. As a direct and proximate result of the actions and/or omissions of Nurse Doe, Plaintiffs have suffered and will in the future suffer great pain of body, nerves and nervous system, will expend in the future become liable to pay large sums of money for medical, hospital and other health care expenses, and Plaintiffs were and are otherwise injured.

52. At all times relevant to his provision of health care and treatment to Plaintiffs, Nurse Doe was an employee, servant or agent of Defendant State of Rhode Island and was acting within the scope of that employment.

WHEREFORE, Plaintiffs Brian Brownell, Daniel Campos, David Dufour, Morris King, Phillip Manners, Saheed Stanfield, and William Wolfe demand judgment against Defendants John Doe and the State of Rhode Island for compensatory damages, plus interest and costs.

## DEMAND FOR A JURY TRIAL

Plaintiffs Brian Brownell, Daniel Campos, David Dufour, Morris King, Phillip Manners, Saheed Stanfield, and William Wolfe hereby demand a trial by jury.

9

Case Number: PC-2020-00161
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 5:20 PM
Envelope: 2413101
Reviewer: Rachel L.

Case 1:19-cv-00354-WES-PAS Document 16-1 Filed 03/19/20 Page 20 of 20 PageID #: 255

Plaintiffs,
BRIAN BROWNELL, DANIEL CAMPOS, DAVID DUFOUR, MORRIS KING, PHILLIP MANNERS, SAHEED STANFIELD, AND WILLIAM WOLFE,
By their Attorneys,


/s/ Georgi J. Vogel-Rosen
Gil A. Bianchi, Jr., Esq.        Bar No. 6421
Georgi J. Vogel-Rosen, Esq.      Bar No. 9056
BIANCHI BROUILLARD SOUSA & O'CONNELL, P.C.
The Hanley Building
56 Pine Street, Suite 250
Providence, RI 02903
Tel: 401-223-2990
Fax: 877-548-4539
Email: gbianchi@bbsolaw.com
       gvogelrosen@bbsolaw.com


DATE: January 7, 2020

Case 1:19-cv-00354-WES-PAS Document 16-1 Filed 03/19/20 Page 20 of 20 PageID #: 255

10